it at all. In the copy produced by plaintiff these words were conced-edly written by Max Wiesner, plaintiff's manager. The defendant claims that these words were not in when the copy was signed; but as Mr. Selznik was not produced as a witness, nor his absence accounted for, there is no proof, only argumentative statements, to offset Mr. Wiesner's positive evidence that these words were in the document. Although there are many circumstances that would render it probable that the added words were not a part of the instrument, the attention of the jury was directed to them, and we shall treat their verdict as settling the fact that the instrument to be considered is the plaintiff's exhibit.

[2] We are of opinion, however, that it is insufficient to sustain the cause of action. It is entirely unilateral. There is no agreement on the defendant's part to pay the price named; there is no specification of the amount of work to be done. It undoubtedly would constitute a good contract for any floors that the plaintiff did lay at the instance of the defendant, not at the contract price of 14 cents per square foot, but at the rate of 15 cents per square foot, showing inferentially that plaintiff did not consider himself bound even to that extent. For such floors, however, as have been laid the plaintiff has been paid. Defendant was not bound to allow plaintiff to lay all the floors of the 23 apartments.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(157 App. Div. 409.)

### GORDON v. FARRELL et al.

(Supreme Court, Appellate Division, First Department. June 20, 1913.)

1. WITNESSES (§ 363*)—INTEREST—EFFECT.

    In an action upon an alleged oral contract which was unwitnessed, the interest of the parties who testified may be considered.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1177, 1178, 1181; Dec. Dig. § 363.*]

2. PARTNERSHIP (§ 47*)—CONTRACTS FOR—EVIDENCE—SUFFICIENCY.

    In an action to establish an alleged contract of partnership, evidence *held* insufficient to show a partnership.

    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 65, 68–72; Dec. Dig. § 47.*]

Appeal from Special Term, New York County.

Action by Joseph Gordon against Frank J. Farrell and another. From a judgment for defendants, plaintiff appeals. Affirmed.

See, also, 133 App. Div. 889, 118 N. Y. Supp. 1109.

The opinion of Bischoff, J., at Special Term, is as follows:

The action is for an accounting based upon an alleged contract of partnership or joint venture between the parties, involving the enterprise of forming and equipping the Greater New York Baseball Association for the exhibition of baseball games for profit. Obviously, therefore, failing of contract the action must fail, and the complaint be dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] I am asked to find the fact of the contract in the conflicting testimony of the parties; the plaintiff asserting that it was orally entered into, and the defendant being equally emphatic in his denial. The parties are equally interested in the event of the action, and equally credible. Not a scrap of writing is introduced in evidence for or against the contract as claimed, and so far therefore the matter is even balance. Resort being had to the probabilities, they are found to be against the plaintiff's contention, and the conclusion is reasonably inevitable that he has not discharged his burden of establishing the fact of the contract by a preponderance of the evidence. That the plaintiff aided the defendant in launching the enterprise is not disputed. Indeed, the defendant concedes that he owes the plaintiff for the latter's services. But to say of these facts that they establish a partnership or joint venture is to confound the veriest conjecture with reasonable inference and logic. The plaintiff was at the time of the making of the alleged contract a builder of experience, and a merchant of many years' standing for some years before he had filled the important office of deputy superintendent of buildings in the city of New York. Is it credible readily, is it likely, that a person of affairs, such as the plaintiff showed himself to be, would enter upon an enterprise with another involving an outlay of upwards of $100,000, without some memorandum at the outset from which the relations and interests of the parties would appear? Is it reasonable to believe that during the four years between the time of the making of the alleged contract and the time when the plaintiff's association with the enterprise ceased there would not have been a record of some kind to corroborate the plaintiff's claim of a contract of partnership or joint venture, if it was in fact entered into? "The interest of a perfectly credible and innocent witness may and often does color his recollection and mold and modify his statements, sometimes even insensibly to himself," says Judge Finch in Hunter v. Wetsell, 84 N. Y. 549, 556 (38 Am. Rep. 544). Is it not more in harmony with the probabilities that the plaintiff, entertaining a high estimate of the value of his services to the defendant, suffered his recollection to become subservient to his hopes and wishes, and so unconsciously distorted desultory conversations with the defendant into a positive understanding of a business compact of the kind he contends for? Farley v. Hill, 150 U. S. 572 (14 Sup. Ct. 186, 37 L. Ed. 1186), was a case similar in its main features to the one at bar. The plaintiff claimed an oral contract of partnership or joint venture. He was corroborated by the testimony of his clerk, one Fischer, and the court affirmed the finding of the trial court against the contract. Justice Shiras, writing the opinion, said: "It is argued that, as it thus appears that the question of fact as to the existence of such a contract is in equilibrio as between Farley and Hill, the testimony of Fischer, Farley's clerk, but who is not party, should turn the scale; and this might be just reasoning if the question in issue had to be determined upon the testimony of those three witnesses. But, as is pointed out in the opinion of the court below, there is an inherent improbability in the plaintiff's story, not in the assertion that he had become interested with others in the ownership of bonds and in the proposed purchase of the railroads, for such agreements are not unusual, but, by reason of the absence of any writing expressing the agreement, a man of affairs, as the plaintiff was, would not be likely in a matter of such magnitude to rely solely upon a mere verbal agreement, and, as the transactions occupied a considerable time, we would expect, if such a contract really existed, to find letters or memoranda relating to it, but such are not produced. * * * It is necessary for us to say, or to think, that Farley and Fischer, in testifying as they did, perpetrated intentional falsehood. It is altogether possible that from desultory conversations with Kittson and Hill and from an exaggerated sense of his own importance in the matter in hand Farley was led to believe that he was entitled to participate in the venture. But a court cannot act upon such uncertain conjecture. A contract of the kind asserted by the plaintiff must be established to the entire satisfaction of a court of equity before its intervention can be demanded."

I am not persuaded by the evidence that any contract of partnership or joint venture was executed between the parties as alleged in the complaint,

and therefore direct a dismissal of the complaint upon the merits, with costs.

I have indicated upon the proposed findings submitted me disposal of the requests to find. Form of decision and judgment may be presented on notice of settlement.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, MILLER, DOWLING, and HOTCHKISS, JJ.

W. P. Maloney, of New York City, for appellant.
A. I. Elkus, of New York City, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of Bischoff, J. Order filed.

---

(157 App. Div. 344.)

In re McQUADE.

(Supreme Court, Appellate Division, First Department. June 6, 1913.)

1. TRUSTS (§ 274*)—TESTAMENTARY TRUSTS—MANAGEMENT OF ESTATES.

Income received by a substituted testamentary trustee cannot be applied to make good a deficiency in the principal or income account, or both, arising from the handling of the funds by the original trustee, or to the payment of accrued taxes, interest, or other charges; but the deficit and charges must be met from the shares of the residuary legatees, or from other securities turned over by the trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 289–292, 493; Dec. Dig. § 274.*]

2. TRUSTS (§ 280*)—TESTAMENTARY TRUSTS—MANAGEMENT OF ESTATES.

Income received by a substituted testamentary trustee, since the settlement of the account of the original trustee, must be distributed pursuant to the will.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 400; Dec. Dig. § 280.*]

3. TRUSTS (§ 336*)—TESTAMENTARY TRUSTS—PAYMENT OF INCOME—PROCEEDINGS.

A proceeding by a beneficiary to compel a testamentary trustee to pay income accruing to the beneficiary must be brought pursuant to Code Civ. Proc. § 2804, by petition and issuance of citation thereon, and not by service of notice of motion.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 497; Dec. Dig. § 336.*]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the accounts of Edward A. McQuade, as executor and trustee of John McQuade, deceased. From an order of the surrogate, denying the motion of Mary A. McQuade, a beneficiary, to compel the Central Trust Company to pay her $1,000 on income, she appeals. Affirmed, without prejudice.

See, also, 142 N. Y. S. 1129.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Edo E. Mercelis, of New York City, for appellant.
Albert Stickney, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes